UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT A. WILLIAMS, SR.,

    Plaintiff,

vs.                                                                Case No. 8:04-cv-1395-T27MSS

SUNBELT RENTALS, INC.,
a foreign corporation,

    Defendant.
_____/

## **ORDER**

This cause comes on for consideration upon the filing of Defendant Sunbelt Rentals, Inc.'s Motion to Compel Non-Party, Nicolas E. Karatinos ("Karatinos"), to Comply with Subpoena Duces Tecum (Dkt. 18-1).

**I.**    **Factual and Procedural Background**

According to Defendant, Plaintiff previously filed suit against Defendant on January 31, 2003, alleging violations of 42 U.S.C. §§ 1981, 2000e while represented by attorney, Anna S. Lykoudis ("Lykoudis"). (Dkt. 18-1 at ¶ 3). Lykoudis simultaneously represented Brian K. Coss who filed a suit against Defendant alleging retaliatory termination in violation of Title VII. (Dkt. 18-1 at ¶¶ 2, 3). That suit was allegedly later dismissed due to a failure to effectuate service of process. (Dkt. 18-1 at ¶ 3).

According to non-party Karatinos, Lykoudis, who was facing significant

disciplinary action and was overwhelmed with personal problems, approached Karatinos about representing both Coss and Plaintiff. (Dkt. 34). Though Karatinos agreed to represent Coss, he declined to represent Plaintiff, fearing a potential conflict of interest between Coss and Plaintiff. (Dkt. 34). Instead, Karatinos held Plaintiff's file until Plaintiff retained his current attorney, David Switalski. (Dkt. 18-1 at ¶ 6; 34). At that time, Karatinos alleges that he transferred Plaintiff's file to Switalski. (Dkt. 34). Karatinos also claims that he retained no copies of Plaintiff's file other than an affidavit from Plaintiff entered into the record of the previous Coss case and turned over to Defendant during the Coss litigation. (Dkt. 34). Both Defendant and Karatinos have agreed that Karatinos never represented Plaintiff. (Dkt. 18-1 at ¶ 5; 34).

On June 14, 2004, Plaintiff filed a three-Count complaint against Defendant pursuant to 42 U.S.C. § 1981, alleging a hostile work environment, disparate treatment, retaliatory termination, and discriminatory discharge. (Dkt. 1).

During discovery, Defendant requested that Plaintiff produce "all documents relating to Sunbelt Rentals, Inc., (Plaintiff's) employment with Sunbelt Rentals, Inc., Brian K. Coss and Mr. Coss's employment with Sunbelt Rentals, Inc." (Dkt. 18-1 at ¶ 6). While Plaintiff was able to produce approximately 98 pages of documents, he testified that he was not in possession of several documents pertinent to his case, including an alleged racial

2

cartoon, which Plaintiff claimed was sent to Lykoudis.[1]  (Dkt. 18-1 at ¶ 6; 18-2; 34). Conversely, Karatinos claims that no such documents were included with the file he received from Lykoudis.  (Dkt. 34).

On May 26, 2005, Defendant issued a subpoena duces tecum to Karatinos, requesting production of:

> (a)ny and all documents, e-mail communications or correspondence of every kind and description sent to or received from David Switalski, Esq., and/or Dwight A. Williams, Sr. pertaining to the matter of Dwight A. Williams, Sr. vs. Sunbelt Rentals, Inc. . . . or Brian K. Coss vs. Sunbelt Rentals, Inc. . . . . and Anna S. Lykoudis pertaining to the matter of Dwight A. Williams Sr. v. Sunbelt Rentals, Inc. . . . .

On May, 11, 2005, Karatinos replied to Defendant's counsel via facsimile, objecting to the subpoena and contending that the requested documents were alternatively available from Plaintiff or Plaintiff's counsel.  (Dkt. 18-5).  Karatinos further argued that the request was burdensome in that he did not keep separate files regarding the matter and that his secretary would have to spend two hours "combing through the files and through (Karatinos') computer."  (Dkt. 18-5).  Additionally, Karatinos claimed that the request duplicated Defendant's discovery in that all relevant documents sought had been turned over during the Coss litigation.  (Dkt. 18-5).

On June 7, 2005, Defendant filed his Motion to Compel Non-Party, Nicolas E. Karatinos to Comply with Subpoena Duces Tecum.  (Dkt. 18-1).  The Court granted Karatinos an extension until July 11, 2005, to file his response to the above mentioned Motion to Compel on the basis that Karatinos was on vacation through much of June 2005,

---

[1] Defendant claims that Lykoudis is no longer a member of the Florida Bar and that her whereabouts are unknown.  (Dkt. 18-1 at n. 1).  Karatinos has noted that Lykoudis was no longer able to serve her clients and was in the process of closing her practice when he last encountered her.  (Dkt. 34).

and was considering retaining representation in this matter. (Dkt. 21). On July 11, 2005, Karatinos timely filed his response to Defendant's Motion to Compel, coupling his response with a Motion to Quash the Subpoena and a demand for either fees and costs or, if the Defendant's motion were granted, expenses and attorney's fees and costs incurred in complying with the Court's order. (Dkt. 34).

## II.     Defendant's Motion to Compel

Defendant argues that the documents it seeks from Karatinos are relevant and necessary to the substantive claims and credibility of Plaintiff and Coss, who will both serve as witnesses in the upcoming litigation. Furthermore, Defendant notes that several key documents, including the comic strip alluded to by Plaintiff and Plaintiff's notes, are missing and were allegedly last in the possession of Lykoudis. Because Lykoudis' whereabouts are unknown and Karatinos personally received Plaintiff's file from her, Defendant contends that Karatinos "is the only non-party who may be in possession of these documents." Because the case centers around many of the same allegations in the Coss matter, Defendant believes quashing the subpoena "could well result in the premature foreclosure of evidence to which Defendant is entitled." (Dkt. 18-1).

Defendant further states that the documents sought are limited to the correspondence exchanged between Karatinos and Plaintiff's counsel and Lykoudis and Karatinos. Thus, Defendant avers that the scope of the documents is limited. Defendant additionally notes that the limited cost and minimal time required of Karatinos to comply also supports its motion to compel and does not impose an undue burden on Karatinos.

Karatinos answers Defendant's arguments by noting that the request is unreasonably cumulative and duplicative of his production of documents to Defendant during the previous

Coss litigation.  Furthermore, Karatinos notes that the additional documents and cartoon sought by Defendant were not in his possession during the Coss trial, nor are they in his possession currently.  Karatinos also contends that the subpoena duces tecum should be quashed because the e-mails requested were produced by and would be readily available from Plaintiff's counsel.  Karatinos believes that a complete search of his Coss files would not produce any e-mails in addition to those already produced by Plaintiff's counsel.

Karatinos further argues that if the subpoena duces tecum is quashed, he should be reimbursed attorney's fees and costs associated with the generation of his response to Defendant.  In the alternative, if Defendant's Motion to Compel is granted, Karatinos prays that he recoup the cost of his and his secretary's time expended in search of the requested documents.

　　　　A.　　**Compliance With Subpoena is not Unduly Burdensome**

Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure states that the Court shall quash or modify a subpoena if it finds that the subpoena in question is unduly burdensome. In determining whether a subpoena is unduly burdensome, the Court must conduct "a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed upon the person ordered to produce the desired information." Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003).  In addition to the above factors, a person's status as a non-party is also considered by the Court in weighing the burdens of production.  Id. Specifically, status as a non-party entitles Karatinos to consideration regarding expense and

inconvenience. <u>American Electric Power Co, et al. v. U.S.</u>, 191 F.R.D. 132, 137 (S.D. Ohio 1999). Though discovery is traditionally broad, Rule 26(b)(2), provides that the Court may limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. <u>Cytodyne Technologies</u>, 216 F.R.D. at 535.

  Karatinos does not argue that the documents sought are irrelevant or that the request is overbroad; rather, he argues the subpoena poses an undue burden under Rule 45(c)(3)(A)(iv), because it is cumulative and duplicative, under Rule 26(b)(2), of production efforts expended in a previous related case to which Karatinos served as counsel opposite Defendant. While this seems persuasive, Karatinos further notes in his response that "<u>(m)ost likely</u>, a complete search of my Coss files will not produce any additional e-mails," thereby admitting the possibility that additional relevant documents may remain undiscovered (emphasis added). Karatinos himself estimates that compliance with the subpoena would take a mere two hours of his secretary's time and a search through <u>two</u> banker's boxes of files. Such a short expenditure of time can hardly be considered an undue burden given the potential importance of the missing documents to Defendant's case. Indeed it would appear to be less time than has been incurred drafting the various motions and responses seeking to avoid responding to the subpoena. If some of the information sought is already in the record of the previous case between Karatinos and Defendant, Karatinos need only refer to it in his response by proper citation, Bates Number, or other identifying information.

  Karatinos further argues that the documents sought would be available from another source, namely Plaintiff or Plaintiff's counsel; however, Defendant notes in its

Memorandum that it has already issued a Second Request for Production of Documents to Plaintiff, which generated several emails between Karatinos and Plaintiff. Several of the documents appeared to be missing pages or return correspondence between Plaintiff and Karatinos. If the possibility of filling these gaps via a two-hour search of Karatinos' files exists, the Court sees no reason why Karatinos should not comply with the subpoena.

In this case, where the documents sought are relevant to the main issues of the case, the scope of the search would involve a mere two hours of time and two boxes of files, and the probability exists that additional material documents could be unearthed, compliance with Defendant's subpoena places no undue burden upon the non-party, Karatinos. Cf. Composition Roofers Union v. Graveley Roofing Enterprises, Inc., 160 F.R.D. 70, 72-73 (E.D. Pa. 1995) (finding no undue burden when secretary was in possession of documents and scope of subpoena was limited to a twenty month time period).

### B.    Reasonable Costs to be Paid

Karatinos also asks the court to require Defendant to advance the cost that will be incurred by him should he be ordered to respond to the subpoena. By his estimate, this cost would constitute approximately four hours of time for a non-legal staff person's review. Because Karatinos has fought unsuccessfully to avoid responding to the subpoena, thereby causing Defendant to incur expense in compelling compliance, the Court finds that no additional cost should be exacted from Defendant to obtain documents to which it is otherwise entitled. Karatinos shall bear his own nominal cost in reviewing his files and producing the requested documents. The cost of copying at $0.20 per page may be billed to Defendant. See Fed. R. Civ. P. 45(c)(2)(B).

### III.     Conclusion

Accordingly, it is **ORDERED** that Defendant Sunbelt Rentals, Inc.'s motion to Compel Compliance with its Subpoena Duces Tecum of non-party Nicolas Karatinos (Dkt. 18) is **GRANTED**.  Non-party Nicolas Karatinos shall bear his own expense in producing the requested discovery except that he may seek reimbursement of his copying costs by directly billing them to Defendant upon production of the requested documents.  Karatinos shall provide documents in response to the Subpoena Duces Tecum to Defendant on or before October 21, 2005.

**DONE and ORDERED** in Tampa, Florida on this 12th day of October, 2005.

MARY S. SCRIVEN
United States Magistrate Judge